IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | | |
|---|---|---|
| CURTIS E. CRAWFORD, | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 5:06-0254** |
| | ) | |
| TODD R. CRAIG,[1] | ) | |
| Warden, FCI Beckley, | ) | |
| | ) | |
| **Respondent.** | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Motion to Correct his Sentence pursuant to 28 U.S.C. § 2241.[2] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

## FACTUAL BACKGROUND

On April 5, 2006, Petitioner filed the instant Motion contending that he had not been given credit for educational and industrial good time, which he earned while at Lorton Reformatory in Fairfax County, Virginia.[3] (Document No. 1.) Petitioner states that in 2003, the United States

---

[1] When Petitioner filed this civil action, Charles T. Felts was serving as the Warden of FCI Beckley. Todd R. Craig, however, has since been designated as the Warden. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Todd R. Craig is substituted as the party Respondent in this civil action.

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[3] The undersigned notes that Plaintiff has been a frequent litigator in this Court having initiated 11 other actions in this District since September, 2005.

District Court for the Eastern District of Virginia, Norfolk Division, found that prison officials erred in the computation of his sentence and corrected the error.[4] Petitioner contends that "[h]ere the sentence computation is again in error because of failure to include earned good time credit." Petitioner indicates that his projected release date was incorrectly calculated to be October 10, 2006, and that, properly credited for good time, his term of imprisonment ended in June, 2006. (Id.)

On February 17, 2007, the Court entered an Order requiring the Respondent to file an Answer to the allegations contained in Petitioner's Application and show cause, if any, why the Writ of Habeas Corpus should not be granted. (Document No. 10.) On March 16, 2007, Respondent filed his Response to Order to Show Cause. (Document No. 13.) Respondent submitted the Declaration of Sharon Wahl, Legal Instruments Examiner for the Beckley Consolidated Legal Center at FCI Beckley, as an Exhibit to his Response. (Document No. 13-2.) Ms. Wahl states that as the Legal Instruments Examiner, she has "access to information regarding inmates in the Bureau of Prisons' custody," including access to the SENTRY database.[5] (Id., p 1.) Ms. Wahl's search of the SENTRY database revealed that "Curtis E. Crawford, Federal Register Number 10620-007, was formerly an inmate at FCI Beckley, West Virginia," but was "released from federal custody on September 29, 2006, via expiration with good conduct time." (Id.) Ms. Wahl indicates that Petitioner was "originally released to a Residential Reentry center on August 23, 2006, but was later released from that placement." (Id.) Petitioner was not placed on parole or supervision. (Id.) Therefore,

---

[4] The undersigned has examined docket sheets in cases which Petitioner filed in the United States District Court for the Eastern District of Virginia, Norfolk Division, in 2003 and 2004 and has found no indication that the Court ruled as Petitioner claims.

[5] The Bureau of Prisons' SENTRY computer database tracks the status and activities of inmates while in federal custody. (*Id.*, p 1.)

Respondent argues that Petitioner's claim must be dismissed as moot because Petitioner has been

released from federal custody and is not on parole. (Document No. 13.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot.

Article III, Section 2 of the United States Constitution provides that federal courts may adjudicate

only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct.

1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319,

322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that

the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant

and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus*

proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds

him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky,

410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of

Petitioner's release from custody, the Respondent can no longer provide the requested relief.

Consequently, the Court can no longer consider Petitioner's Application for Writ of Habeas Corpus.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction - - must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly,

Petitioner's claims are rendered moot by virtue of his release from custody and the absence of

collateral consequences, and therefore, his Section 2241 Application must be dismissed. See e.g.,

Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

The undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS**, that the District Court **DISMISS as moot** Petitioner's Section 2241 Application (Document No. 1.), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner.

Date: June 16, 2008.

R. Clarke VanDervort
United States Magistrate Judge

5